UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHELDON H. BRAITERMAN; SHELDON
H. BRAITERMAN, PA,
<u>Plaintiffs-Appellants,</u>

v.                                                                     No. 96-1799

R. M. EQUIPMENT, INCORPORATED;
RONALD J. MARTIN,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Edward S. Northrop, Senior District Judge.
(CA-93-126-N)

Argued: April 7, 1998

Decided: June 26, 1998

Before WIDENER and LUTTIG, Circuit Judges, and CHAMBERS,
United States District Judge for the Southern District of West
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Martin Eugene Wolf, Abingdon, Maryland, for Appel-
lants. Adam Shartzer Caldwell, JACKSON & CAMPBELL, P.C.,
Baltimore, Maryland, for Appellees. **ON BRIEF:** Sheldon H. Braiter-
man, SHELDON H. BRAITERMAN, P.A., Baltimore, Maryland, for

Appellants. Peter F. Axelrad, JACKSON & CAMPBELL, P.C., Balti-more, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-appellant, Sheldon H. Braiterman, brought suit against R.M. Equipment (owned by Ronald J. Martin), claiming that Martin owed fees for legal services allegedly rendered by Braiterman between January 1990 and the summer of 1992. After a seven-day jury trial on appellant's claim, the jury returned a verdict in defendant's favor. On appeal, Braiterman alleges that the jury verdict should be overturned because the district court improperly denied Braiterman's pre-trial Motion for Sanctions, which apparently requested that the district court compel further deposition of Martin.*

This court has held that district court decisions regarding discovery matters should "not be overturned unless there is a clear abuse of discretion, or unless there is a real possibility the party was prejudiced by the denial" of discovery. Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995); see also Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (noting that "it is unusual to find an abuse of discretion in discovery matters") (citation omitted). Having reviewed the record and the submissions of the parties, we are convinced that the district court did not abuse its discretion in refusing to grant Braiterman further deposition of Martin.

The district court was in the best position to assess Braiterman's

_____

*Martin's counsel, Ms. Rothenberger, terminated the deposition of Martin after a day and a half because she believed that Braiterman was making inappropriate comments to her and her client.

2

need for additional discovery in light of both the protracted discovery that had already occurred, <u>see</u> District Court Order, J.A. at 323 (noting that "discovery was to have been concluded long ago" and that it had been unduly protracted by the persistent"delay tactics" of both parties), and the apparent inability of counsel for both sides to conduct the deposition in a productive and professional manner, <u>see</u> <u>id</u>., J.A. at 323 & n.1 (rejecting appellant's Motion for Sanctions because the transcript of Martin's deposition thus far revealed "inappropriate behavior on the part of both counsel" and confirmed that "each attorney's [inappropriate] conduct incited that of the other"). Moreover, Braiterman has failed to establish a real possibility that he was prejudiced by the court's refusal to grant additional discovery. Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>

3